NO. 07-02-0201-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 3, 2003

_____

WILLIAM LAWRENCE DALLY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 8756; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before JOHNSON, C.J., and REAVIS, J. and BOYD, S.J.[1]

**MEMORANDUM OPINION**[2]

Upon a plea of not guilty, appellant William Lawrence Dally was convicted by a jury of possession of methamphetamine in an amount less than one gram and sentenced to

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2]TEX. R. APP. P. 47.1.

two years confinement and a $10,000 fine.  Presenting only one point of error, appellant contends the trial court erred in denying his motion for a mistrial because of the prosecutor's improper jury argument during the punishment phase of the trial.  Based upon the rationale expressed herein, we affirm.

The underlying facts of appellant's offense are not in dispute and thus will not be detailed here.  During closing argument of the punishment phase of trial, while referencing appellant's prior convictions which had been admitted into evidence, the prosecutor made the following remarks:

> [Prosecutor]: In 1999, the offense of Enticing a Child.  The jury gave him 180 days on that.  Enticing a Child, don't know what would have happened if it had gone past enticing a child, would stop at that point, but there it is –
>
> [Defense Counsel]: Your Honor, I will object to that.  There is no evidence of what happened and he is alluding to the fact maybe something happened.

The trial court sustained the objection, and instructed the jury to disregard.  Thereafter, the prosecutor resumed his argument:

> [Prosecutor]: Well let me state it a different way.  Enticing a child – it doesn't state what he was enticing a child to do.  He was found guilty of enticing a child.  Rehabilitation –

Defense counsel commenced two objections, but for reasons not shown in the record, did not complete them; however, the trial court overruled the incomplete objections and the

2

prosecutor finished his argument. After the jury retired to deliberate punishment, appellant's counsel then presented a motion for mistrial based on improper jury argument, *i.e.,* facts not in evidence, and the motion was denied.

The trial court has discretion to grant or deny a motion for mistrial. Lewis v. State, 911 S.W.2d 1, 7 (Tex.Cr.App. 1995). Accordingly, we will not substitute our judgment for that of the trial court but decide whether the trial court's decision constitutes an abuse of discretion. Stults v. State, 23 S.W.3d 198, 206 (Tex.App--Houston [14th Dist.] 2000, no pet.). The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the admitted evidence alone. Campbell v. State, 610 S.W.2d 754, 756 (Tex.Cr.App. [Panel Op.] 1980); Taylor v. State, 911 S.W.2d 906, 911 (Tex.App.–Fort Worth 1995, pet. ref'd). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. Cantu v. State, 939 S.W.2d 627, 633 (Tex.Cr.App. 1997), *cert. denied*, 522 U.S. 944, 118 S.Ct. 557, 139 L. Ed.2d 399 (1997).

Improper jury argument constitutes reversible error only if, in the light of the entire record, the argument is extreme or manifestly improper, violates a mandatory statute, or injects into the trial new facts which are harmful to the accused. Felder v. State, 848 S.W.2d 85, 95 (Tex.Cr.App. 1992), *cert. denied*, 510 U.S. 829, 126 L.Ed.2d 62, 114 S.Ct.

95 (1993). From our review of the record, we conclude the prosecutor was engaging in permissible evidence summation because appellant's prior conviction for Enticing a Child had been admitted into evidence. Thus, the trial court did not abuse its discretion in denying appellant's motion for mistrial. Appellant's sole point is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.